Dear Mr. Adams:
We are in receipt of two letters from you requesting opinions, dated the same date. We combined these requests and respond under the above opinion number.
Your first request asked if it is proper for a person not certified by the Louisiana State Board of Certification for Substance Abuse Counselors to hold himself out as a "substance abuse counselor" and if the prohibition contained in LSA R.S.37:3382 applies to the use of titles which include the term "substance abuse counselor." All questions concern our State's system for certifying those who engage in substance abuse counseling found at L.S.A. R.S. 37:3373-3382. This question arises from the understandable tension between the State Board, created by the Legislature and a private organization antedating the Board, the Louisiana Association of Substance Abuse Counselors and Trainers, Inc. (LASACT).
State certification for substance abuse counselors was initiated by Act 384 of 1987. The key provisions of that Act for purposes of this opinion are discussed below:
R.S. 33:3373 (5) defines "Substance Abuse Counselor" as
 Any person who, by means of his special knowledge acquired through formal education and practical experience is qualified to provide substance abuse counseling services which utilize the basic core functions specific to substance abuse counseling and who is certified as such in accordance with the provisions of this Chapter.
The chapter is designed to certify those engaged in substance abuse counseling.
In setting forth the qualifications for certification, the statute, as amended in 1991 states in R.S. 37:3376 D
D. The board shall issue a certificate to any person who:
 (1) Pays a fee equivalent to that required for the initial application and examination fee.
 (2) Meets the requirements in Paragraphs (1), (2), (3), (4), (5), and (7) of Subsection C.
 (3) Holds a valid and current certificate as a substance abuse counselor issued by the Louisiana Association of Substance Abuse Counselors and Trainers, Inc.
Section D clearly states modified certification requirements for those members of (LASACT), evidencing a legislative intent that they be certified.
R.S. 37:3382 Prohibited activities
 No person shall hold himself out as a substance abuse counselor unless he has been certified under the provisions of this chapter.
It is our opinion that the Act is intended to cover all those who hold themselves out as "substance abuse counselors." The above phrase is subsumed within the term "certified substance abuse counselor" thereby evidencing a legislative intent to require all such persons to be certified under LSA R.S.37:3373-3382.
Enforcement of the provisions of the certification laws may be by the Board, in a civil proceeding for an injunction plus penalties and attorneys' fees in accord with LSA R.S. 37:3380 or through criminal enforcement through referral to the appropriate District Attorney for prosecution under LSA R.S. 37:3382-83. See Attorney General's Opinion Number 90-580.
Your last question asked whether the Board's authority over individuals engaging in substance abuse counseling is limited strictly to individuals directly involved with counseling or does it also include supervisory or administrative personnel at treatment facilities or hospitals. We first address this question by noting pertinent parts of the exception section of the statute:
R.S. 37:3381 Persons and practices not affected
 A. Nothing in this Chapter shall be construed as preventing or restricting the practice, services, or activities of any person licensed or certified in this state by any other law from engaging in the profession or occupation for which he is licensed or certified.
 B. Nothing in this Chapter shall be construed as prohibiting other licensed professionals, including members of the clergy and Christian Science practitioners, from the delivery of medical, psychotherapeutic, counseling, social work, psychological, or educational services to substance abusers and their families.
Those classes of persons listed in R.S. 37:3381 are not covered by the Act so they obviously need not be certified under the Act in order to be supervisory or administrative personnel.
With regard to persons not excepted, it is our opinion that the scope of practice-section; LSA R.S. 37:3375 is limited strictly to individuals directly involved with the provision of counseling services to individuals and does not include supervisory or administrative personnel.
We also note that persons acting under the direction of a "qualified professional supervisor" as defined by R.S.37:3372(3) need not be certified according to R.S. 37:3381 C while employed or supervised and carrying out specific tasks under professional supervision.
Trusting the above answers your questions, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RIP/JMR:vrr